UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MUMINA ALI,<br><br>          Plaintiff,<br><br>     vs.<br><br>CITY OF PORTLAND, JEFFREY DRUAN, SUNA SHAW and MICHAEL SAUSCHUCK,<br><br>          Defendants | Civil No. 20-00255-NT |

## ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND (DEFENDANTS CITY OF PORTLAND, JEFFREY DRUAN, SUNA SHAW AND MICHAEL SAUSCHUCK)

Defendants City of Portland, Jeffrey Druan, Suna Shaw and Michael Sauschuck (collectively "the Defendants"), by and through counsel, hereby respond to the Plaintiff's Complaint as follows:

STATEMENT OF CLAIMS

1.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

2.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

3.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

JURISDICTION

4.      The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

5.      The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

6.      The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

VENUE

7.      The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

PARTIES

8.      The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

9.      The Defendants admit the City of Portland is a Maine municipality. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without

sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

10.    The Defendants admit Jeffrey Druan is a police officer employed by the City of Portland. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

11.    The Defendants admit Suna Shaw is a community policing coordinator employed by the City of Portland. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

12.    The Defendants admit Michael Sauschuck used to be employed by the City of Portland as Chief of Police. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

GENERAL ALLEGATIONS

13.    The Defendants repeat and reassert their responses to the preceding paragraphs of the Plaintiff's Complaint.

14.    The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

15.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

16.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

17.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint pertaining to the Portland Police Department. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

18.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

19.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

20.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

21.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

22.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

23.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint pertaining to the Portland Police Department. The Defendants are without sufficient

information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

24.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

25.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

26.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

27.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

28.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

29.     The Defendants admit that a citizens review committee exists to review internal affairs investigations of Portland Police Department officers. The Defendants deny the remaining allegations contained in this paragraph of the Plaintiff's Complaint.

30.     The Defendants admit that community policing centers are located in the City of Portland and that the centers are typically staffed by police and a community coordinator. The Defendants deny the remaining allegations contained in this paragraph of the Plaintiff's Complaint.

31.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

32.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

33.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

34.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

35.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

36.     The Defendants deny the allegations contained in the first sentence of this paragraph of the Plaintiff's Complaint. The Defendants admit that on July 23, 2014 Defendant Druan took one of the Plaintiff's daughters to Maine Medical Center after the daughter threatened to harm herself. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

37.     The Defendants admit that no social worker was present. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint pertaining to Defendant Druan. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

38.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

39.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

40.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

41.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint pertaining to Defendants Druan and Shaw. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

42.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

43.     The Defendants admit that the Plaintiff was taken by wheelchair into the MMC emergency room. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint pertaining to Defendant Druan. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

44.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

45.     The Defendants deny the allegations contained in the first sentence of this paragraph of the Plaintiff's Complaint. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

46.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

47.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint pertaining to Defendant Druan. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

48.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint pertaining to the use of force. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

49.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

50.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

51.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

52.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

53.     The Defendants admit that at some point in the past a notice of trespass was served on the Plaintiff with regard to the Community Policing office at 44 Mayo Street. The remaining allegations purport to characterize the content of a document that speaks for itself or the legal effect of such a document; therefore, no response is required. To the extent a response is required, the Defendants are without sufficient information or knowledge to form a belief as

to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

54.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint to the extent the allegations pertain to them. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

55.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

56.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

57.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in the first sentence of this paragraph of Plaintiff's Complaint and, accordingly, deny same. The Defendants deny the remaining allegations contained in this paragraph of the Plaintiff's Complaint.

58.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

59.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

60.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

61.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

62.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

63.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

64.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

65.     The Defendants deny the allegations contained in the first sentence of this paragraph of the Plaintiff's Complaint. The remaining allegations purport to characterize the content of a document that speaks for itself or the legal effect of such a document; therefore, no response is required. To the extent a response is required, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

66.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

67.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

68.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

COUNT I

42 U.S.C. § 1983 (Fourth Amendment – Excessive Force, False Arrest)
Defendants Druan and Shaw

69.     The Defendants repeat and reassert their responses to the preceding paragraphs of the Plaintiff's Complaint.

70.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

71.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

72.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

73.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

74.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

75.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

76.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

77.     The Defendants deny the premise of the allegations contained in this paragraph of the Plaintiff's Complaint and, therefore, deny the allegations.

78.     The Defendants deny the premise of the allegations contained in this paragraph of the Plaintiff's Complaint and, therefore, deny the allegations.

79.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

80.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint pertaining to Defendants Druan and Shaw. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

COUNT II
42 U.S.C. § 1983 (Monell) City of Portland, Michael Sauschuck, and Suna Shaw

81.     The Defendants repeat and reassert their responses to the preceding paragraphs of the Plaintiff's Complaint.

82.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

83.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without

sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

84.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

85.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

86.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

87.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

88.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

89.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

90.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

91.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

92.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

93.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

94.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

95.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

JURY TRIAL DEMAND

96.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

**<u>AFFIRMATIVE DEFENSES</u>**

1.     The Defendants have at all times acted in good faith and without knowledge that their conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2.     The Defendants' conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3.     No reasonable person would have known that the Defendants' conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4.     The Defendants reserve the right to demonstrate that the Plaintiff's Complaint, in whole or in part, is barred by the applicable statutes of limitations.

5.     To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendants in their representative capacity, the Complaint fails to state a claim upon which relief may be granted.

6.     The Plaintiff's own conduct was the sole or a contributing cause of any injuries she may have sustained.

7.     The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

8.  The Plaintiff's claims are barred for the reason that the Defendants are not liable under a theory of *respondeat superior* for the actions of their agents.

9.  The Plaintiff's claims are barred for the reason that the Defendants' actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

10.  The Plaintiff's claims are barred for the reason that the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

11.  The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

12.  The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

13.  The Plaintiff's claims are barred, in whole or in part, by the doctrine of privilege.

14.  To the extent that the Plaintiff seeks injunctive or declaratory relief, the Plaintiff has no standing.

15.  The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. §1983.

16.  The Defendants reserve the right to demonstrate that the Plaintiff has failed to mitigate damages.

17.  To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendants cannot be held liable for the alleged damages associated with those alleged injuries.

18.  To the extent the Plaintiff's alleged injuries result from events or conditions that occurred after the Defendants' involvement with the Plaintiff, the Defendants cannot be held liable for the alleged damages associated with those alleged injuries.

19.  To the extent the Plaintiff's alleged injuries result from intervening or superseding causes – including, but not limited to, the actions of third parties – the Defendants cannot be held liable for the alleged damages associated with those alleged injuries.

**JURY DEMAND**

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendants request a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendants City of Portland, Jeffrey Druan, Suna Shaw and Michael Sauschuck demand judgment in their favor with regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 21st day of September, 2020.

Attorneys for Defendants City of Portland, Jeffrey Druan, Suna Shaw and Michael Sauschuck
MONAGHAN LEAHY, LLP
95 Exchange Street, P.O. Box 7046
Portland, ME 04112-7046
(207) 774-3906

BY:    /s/ John J. Wall, III
       John J. Wall, III

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 21, 2020, I electronically filed **Answer, Affirmative Defenses and Jury Trial Demand (Defendants City of Portland, Jeffrey Druan, Suna Shaw and Michael Sauschuck)** using the CM/ECF system, which will provide notice to me and the other counsel of record.

Dated at Portland, Maine this 21st day of September, 2020.

Attorneys for Defendants City of Portland, Jeffrey Druan,
Suna Shaw and Michael Sauschuck
MONAGHAN LEAHY, LLP
95 Exchange Street, P.O. Box 7046
Portland, ME 04112-7046
(207) 774-3906
BY:      /s/ John J. Wall, III
John J. Wall, III